# EXHIBIT 1

Exhibit 1 - Page 4

Case 5:22-cv-00918-JGB-SHK Document 1-8 Filed 06/01/22 Page 2 of 20 Page ID #:40

Electronically FILED by Superior Court of California, County of Riverside on 04/26/2022 03:42 PM
Case Number CVRI2201660 0000019415321 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FEDEX FREIGHT INC., a California Corporation; JOHN DOE, an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Richard Gonzales, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California Riverside
Civil Unlimited
4050 Main Street
Riverside, CA 92501

**CASE NUMBER:**
*(Número del Caso):*

CVRI2201660

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Office of Nancyrose Hernandez, 26636 Margarita Road, Suite 101, Murrieta, CA 92563, (951)708-1497

DATE: 04/26/2022    Clerk, by _____, Deputy
*(Fecha)*              *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fed Ex Frieght, Inc
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/2/22

GC68150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 1 - Page 5

Case 5:22-cv-00918-JGB-SHK   Document 1-8   Filed 06/01/22   Page 3 of 20   Page ID #:41

Electronically FILED by Superior Court of California, County of Riverside on 04/26/2022 03:42 PM
Case Number CVRI2201660 0000019415318- W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk

NANCYROSE HERNANDEZ, 312097
LAW OFFICE OF NANCYROSE HERNANDEZ
26636 Margarita Road, Suite 101
Murrieta, CA 92563
Tel: (951) 708-1497
Fax: (951) 905-1632
Email: nancyrose@lawofficeofnancyrosehernandez.com

Attorney for Plaintiff, RICHARD GONZALES

## IN THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE

| | |
|---|---|
| RICHARD GONZALES, an individual;<br><br>Plaintiff,<br><br>vs<br><br>FEDEX FREIGHT INC., a California Corporation; JOHN DOE, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CVRI2201660<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **RETALIATION (Cal. Lab. Code § 1102.5)**<br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**<br>4. **NEGLIGENCE**<br>5. **ASSAULT**<br><br>UNLIMITED CIVIL CASE AMOUNT DEMANDED EXCEEDS $25,000 |

Plaintiff, RICHARD GONZALES, alleges as follows,

### GENERAL ALLEGATIONS

1. Plaintiff, RICHARD GONZALES, (hereinafter referred to as Plaintiff) was at all times relevant to this action a resident of Riverside County, State of California.

2. Defendant, FEDEX FREIGHT INC., (hereinafter referred to as "EMPLOYER") is a California corporation and was and is at all times relevant to this action a Corporation doing business in the County of Riverside, State of California.

LAW OFFICE OF
NANCYROSE
HERNANDEZ

1
Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 6

3. Defendant, JOHN DOE (hereinafter referred to as JOE) was at all times relevant to this action employed by EMPLOYER in Riverside County, State of California.

4. Plaintiff was employed by EMPLOYER in the County of Riverside, State of California.

5. Plaintiff is informed and believes and on that basis alleges that EMPLOYER, is and at all relevant times was, a corporation existing and doing business under the laws of the State of California, and that it employed more than 500 persons and was an employer as defined in the California Fair Employment and Housing Act (FEHA).

6. The true names and capacities of defendants named as Doe 1 through Doe 50, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

7. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of defendants, whether named or fictitious, was the agent, servants, employees, and/or joint venturers of each of the other defendants, and in doing the things alleged to have been done in the complaint, acted within the scope and authority of such agency or employment, and/or venture or ratified the acts of the other, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, employee, and/or joint venturer.

### SPECIFIC FACTUAL ALLEGATIONS

8. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

LAW OFFICE OF
NANCYROSE
HERNANDEZ

2

Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 7

9. In or about January 2008, Plaintiff was hired by EMPLOYER as a delivery driver in Fontana. Throughout his employment, Plaintiff was responsible for delivering packages to various residences and businesses, and he was responsible for maintaining safety protocols to ensure a safe delivery to numerous establishments.

10. Plaintiff was a hardworking, dedicated employee who ensured his duties were performed efficiently, and he was recognized as a satisfactory employee on performance reviews.

11. Plaintiff intended to retire from his employment with EMPLOYER; therefore, he worked hard to maintain a professional reputation.

12. At the time Plaintiff was hired by EMPLOYER, and thereafter, EMPLOYER promised a workplace that was fair. Plaintiff was promised he would not be subjected to harassment, discrimination, retaliation, or wrongful termination. Plaintiff was promised continuing employment with EMPLOYER. EMPLOYER breached these agreements.

13. On October 22, 2010, Plaintiff was transferred to the Mira Loma facility in Riverside County, and upon his transfer, he was subjected to, *inter alia,* unsafe working conditions, bullying, and failure by EMPLOYER'S Human Resource ("HR") department to take remedial action to protect him.

14. During Plaintiff's employment with EMPLOYER, and while working in the Mira Loma facility, Plaintiff made complaints to the HR regarding unsafe working conditions, and his complaints were ignored.

15. In response to Plaintiff making complaints regarding safety violations, Plaintiff was targeted, and he was singled out in front of other employees and berated as a means of intimidation. Other similarly situated employees who did not complain of unsafe working conditions were not berated or threatened in the manner that Plaintiff was.

16. Beginning in or around 2017, Plaintiff disclosed numerous issues with safety compliance within EMPLOYER'S terminal.

17. In or around 2020, Plaintiff contacted HR Employee Relations Manager, Katyna Naylor ("Naylor") to report the unsafe working conditions, including but not limited to, broken vehicle doors, flat tires on the trucks, unsafe and unstable loading by EMPLOYER'S employees in the delivery trucks, failure to implement safety precautions in the yard, and refusal to use the safety block stoppers while the trucks were being loaded, etc.

18. After receiving complaints from Plaintiff, Naylor failed to protect Plaintiff and other drivers, and she failed to report the unsafe working conditions, subjecting EMPLOYER'S employees to dangerous and hazardous conditions. Plaintiff inquired why Naylor refused to take remedial action to protect him and his fellow employees, and in response, Naylor stated she required "evidence" of everything he had reported. Naylor claimed she could not do anything without evidence, to which Plaintiff provided her with pictures of some of the safety violations in the terminal. Despite providing sufficient information and evidence, Naylor failed to implement safety measures, further endangering the safety of EMPLOYER'S employees, including Plaintiff.

19. EMPLOYER failed to take measures to cease and/or correct the violations initiated by EMPLOYER'S employees; therefore, Plaintiff took measures to act as an advocate for himself and his coworkers. Plaintiff communicated to his superiors and HR that safety should be taken seriously, especially since unsafe trucks posed unreasonable risks to the public.

LAW OFFICE OF
NANCYROSE
HERNANDEZ

4
Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 9

20. EMPLOYER'S failure to take remedial action to protect its drivers, including Plaintiff caused Plaintiff to suffer from constant fear and worry. This emotional disturbance caused Plaintiff to suffer from anxiety and sleepless nights.

21. While working at EMPLOYER'S Mira Loma facility, Plaintiff contacted the regional HR to complain about unsafe working conditions; however, EMPLOYER'S HR failed to take remedial action to protect its employees, resulting in continuing dangerous conditions, which worsened Plaintiff's anxiety and stress.

22. Under information and belief, the conduct Plaintiff complained of was usually in the form of dangerous conditions of truck, the yard, and manner of loading the trucks.

23. On or about April 29, 2021, Plaintiff arrived at work and was appointed to a delivery truck that had a trailer to hook up and deliver to another location. Plaintiff's supervisor, Juan Contras, informed Plaintiff that the trailer was loaded and ready to be hooked up for his delivery route. Before taking off from EMPLOYER'S site, however, Plaintiff noticed that the packages loaded in the trailer were loaded solely on one side of the trailer, which was completely unprofessional and unsafe, violating transportation guidelines. Plaintiff, unwilling to drive the trailer with its unsafe loading conditions, contacted his lead, Sergio (last name unknown), to assist him with fixing the trailer, which would require a forklift to move the packages in the truck. This specific incident caused Plaintiff to experience tremendous stress and frustration because this unsafe condition was precisely what he had been complaining about, all to no avail.

24. On this day, Plaintiff had enough, meaning he could no longer tolerate the outlandish, foolish, and dangerous horseplay by his coworkers.

25. Frustrated with EMPLOYER'S inability to maintain safe working conditions, Plaintiff sought assistance from his supervisor Sergio, to resolve the problem immediately without the resort to unreasonable harm to employees. Sergio hastily replied, "Well, what do you want me to do?" in which Plaintiff explained to his supervisor that he was uncomfortable transporting such a dangerous load.

26. Abruptly, another employee of EMPLOYER, Defendant, JOHN DOE, aka JOE who Plaintiff had never interacted with prior, stated "Whaa-whaa-whaa, shut the F- up" (foul language intentionally omitted), completely disregarding the safety complaints from Plaintiff. JOE derided Plaintiff, and he used foul language, instigating an altercation.

27. During the incident, instead of assisting Plaintiff with maintaining safety protocols, Sergio condoned JOE's taunting, bullying, and assault rather than remediating the trailer for delivery.

28. Because Plaintiff was subjected to an intolerably hostile and unsafe workplace, and he was experiencing an overwhelming sense of frustration, he became angry with how the situation erupted. In response to JOE's comment about refusing to fix the trailer, Plaintiff asked JOE, "What did you say to me?" in which JOE inappropriately responded, "I'll beat the F- out of you" (foul language intentionally omitted). JOE continued to threaten Plaintiff by yelling profanities, posing a credible threat of violence in which Plaintiff reasonably believed JOE was going to physically attack him. Because he was so frustrated, Plaintiff stood up for himself; however, he did not make threats toward JOE.

29. JOE'S aggressive behavior reached a violent crescendo.

30. Most alarming, as JOE threatened Plaintiff with physical violence, Plaintiff's supervisor was present during the entire altercation and failed to immediately remedy the conflict

LAW OFFICE OF
NANCYROSE
HERNANDEZ

6
Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 11

between the two employees. The argument escalated to the point in which JOE approached Plaintiff, getting toe-to-toe, whereby Sergio finally stepped between the two men.

31. EMPLOYER, by its actions and/or inactions condoned this behavior by JOE.

32. The unsafe working conditions, continuing horseplay, and JOE'S actions towards Plaintiff caused Plaintiff to fear for his personal safety as he believed JOE presented a credible threat of violence.

33. During the incident, EMPLOYER and its' supervising employees failed to take remedial action for not only Plaintiff's prior complaints about unsafe working conditions, but also failed to maintain a safe and cohesive working environment for its employees.

34. On or about April 30, 2021, Plaintiff was called into a meeting by his immediate supervisor, Kevin Bair, to discuss the incident with JOE, occurring the previous day. Also present during the meeting were HR representative, Henry Michalski, and head of security, David Diliberti. Plaintiff expressed to the attendees at the meeting that he was extremely frustrated by the loading of the trailer that he was instructed to transport, which was completely unsafe. This frustration prompted Plaintiff to make a comment to his supervisor, specifically regarding the improperly loaded trailer, which led to JOE getting violent with Plaintiff. The confrontation between JOE and Plaintiff stemmed from EMPLOYER'S ratification of unsafe, dangerous, and hostile working conditions. Often, yard employees, especially the loaders, played pranks on drivers, displacing safety objects and loading trucks in an unsafe outlandish manner. Other employees, including JOE, refused to follow safety guidelines, and engaged in unlawful harassment, as was the case regarding the incident with Plaintiff being physically assaulted at work.

LAW OFFICE OF
NANCYROSE
HERNANDEZ

7

Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 12

35. During the meeting, Plaintiff requested that those present in the meeting watch the security tapes from the previous day to see that the trailer was loaded improperly, to which they all responded and agreed that the trailer was not suitable for driving because of the dangerous loading on one side of the vehicle. The attendees then asked Plaintiff if he had ever made complaints prior to this incident about the safety of the trucks, to which Plaintiff answered in the affirmative, informing the attendees that he made numerous complaints to HR prior to the incident on April 29, 2021. Plaintiff also stated that he would apologize to JOE because he was not happy with how the incident erupted by claiming, "Everyone has their bad days." Despite not starting the altercation and not being the violent aggressor, as JOE was, Plaintiff wanted to give JOE the benefit of the doubt that maybe this was one of his "bad days."

36. During the meeting, Plaintiff expressed to the attendees that he wanted to return to work without any problems between himself or any other employees at the Mira Loma facility. As stated above, and incorporated herein by this reference, EMPLOYER'S Mira Loma facility condones horseplay and aggressive behavior, thus the bullying was prevalent, so Plaintiff did not want any other problems, but rather, just wanted to go to work and do his job in peace.

37. During the meeting, Plaintiff complained that JOE used credible threats of physical violence to intimidate and harass him, creating an abusive work-environment.

38. Under information and belief, at the conclusion of the meeting, Plaintiff was advised that Plaintiff would receive a light suspension, no termination, and he could inquire about his return date in a about a week.

LAW OFFICE OF
NANCYROSE
HERNANDEZ

Case No.
8   COMPLAINT FOR DAMAGES

Exhibit 1 - Page 13

39. Under information and belief, during Plaintiff's employment with EMPLOYER and after he disclosed unlawful employment practices, it was apparent that EMPLOYER'S management, HR, and supervisors were not only hostile, but also dismissive toward Plaintiff. This conduct created a hostile work-environment, causing Plaintiff to feel extremely distressed and humiliated.

40. Plaintiff was clear in his communication and disclosure to HR that he had previously complained of serious safety issues which subject drivers, including Plaintiff to an unreasonable risk of harm. Despite complaining about the safety conditions at EMPLOYER'S Mira Loma facility, this time with his supervisor and HR present, EMPLOYER'S representatives continued to ratify the unsafe and unlawful conduct by failing to take remedial action to cure the unsafe working conditions.

41. Under information and belief, EMPLOYER fosters a culture of intimidation to silence employees from making complaints. Plaintiff reasonably believed that if he complained or reported the harassment, labor code violations, and serious safety concerns in the workplace, EMPLOYER would take remedial action to protect its employees, but to the contrary, Plaintiff was retaliated against and subjected to adverse employment actions.

42. On the morning of May 13, 2021, Plaintiff contacted EMPLOYER to inquire about his return date. Plaintiff sent an email to HR representatives, Henry Michalski, and Danette Diaz requesting an update on his suspension and the investigation because he had not received an update on the issue. Plaintiff disclosed that another employee threatened him with bodily harm. Additionally, Plaintiff stated that he feared he was being retaliated against for bringing up numerous safety concerns and issues at his terminal. Plaintiff also

discovered that the other employee involved in the incident, JOE, had already been authorized to return to work despite being the aggressor during the incident.

43. During this time, Plaintiff felt helpless and feared he was being retaliated against for disclosing numerous safety concerns during the meeting, which worsened his stress and anxiety.

44. Following his disclosures, on or about May 17, 2021, Plaintiff was informed that he was terminated from his position of employment with EMPLOYER. Plaintiff's termination immediately sprung on the heels of his email to HR, complaints of credible threats of violence, and serious OSHA safety concerns, demonstrating EMPLOYER'S conduct was pretextual, cloaking its real intention for Plaintiff's termination.

45. Other similarly situated employees, including the harasser/aggressor, JOE, were not labelled as whistleblowers, as Plaintiff was, and were not under scrutiny as Plaintiff was, evidencing Plaintiff was targeted and singled out, then subjected to adverse treatment. Under information and belief, more lenient treatment was meted out for employees who were not labelled as whistleblowers.

46. Following Plaintiff's complaints, not only did EMPLOYER fail to launch a prompt and timely investigation and fail to punish the aggressor, JOE, but EMPLOYER also failed to maintain safe working conditions for its employees, including Plaintiff.

47. Plaintiff was a victim of workplace violence, yet he was terminated four days after sending an inquiry email to the HR representatives, disclosing his fears, including being targeted for whistleblowing on the unsafe working conditions, demonstrating EMPLOYER'S retaliatory motives.

48. As stated above, and incorporated herein by this reference, EMPLOYER ratified unsafe working conditions and retaliated against Plaintiff for reporting the safety violations to HR. Additionally, EMPLOYER and its employees failed to resolve conflict within its facility, leading to immense workplace hostility between its employees.

49. EMPLOYER'S conduct, including but not limited to, harassing, retaliating, failing to take remedial action to prevent safety violations, and terminating Plaintiff as a means of retaliation have taken a tremendous emotional toll on Plaintiff, causing physical illness, anxiety, depression, sleepless nights, and exhaustion.

50. Under information and belief, EMPLOYER interfered with Plaintiff's right to unemployment benefits by falsely replying to EDD that Plaintiff was terminated for insubordination, which was inaccurate. Plaintiff was terminated for making complaints, and meanwhile, the insubordinate aggressor, JOE, remained employed by EMPLOYER.

51. Under information and belief, Plaintiff was targeted and wrongfully terminated in violation of public policy, specifically for disclosing and opposing state and federal law violations. As a result of EMPLOYER'S unlawful retaliatory conduct, Plaintiff has been damaged substantially, including suffering financial hardship and severe emotional distress.

52. Plaintiff has filed his Complaint with the California Department of Fair Employment and Housing pursuant to §12900, et seq., of the Government Code within one year from the alleged conduct, alleging that the above-described acts established a violation of §12900, et seq., of the Government Code, among other laws and statutes against EMPLOYER. Plaintiff has complied with all administrative prerequisites to suit.

### FIRST CAUSE OF ACTION

# RETALIATION

## (LABOR CODE § 1102.5)

### (As to Defendant, EMPLOYER)

53. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

54. At all times mentioned herein, California Labor Code §1102.5 was in full force and effect and was binding upon EMPLOYER. This section prohibits EMPLOYER from retaliating against an employee who has disclosed information to, *inter alia,* a person with authority over the employee; information that the employee has reasonable cause to believe violates, *inter alia*, a local, state, and/or federal statute, rule, and/or regulation.

55. Plaintiff opposed, *inter alia*, unlawful employment practices, and he engaged in a protected activity by disclosing to his superiors and HR that he believed EMPLOYER was violating laws, including serious OSHA violations, unsafe working conditions, credible threats of violence, retaliation, and hostile working conditions. Additionally, Plaintiff disclosed and opposed EMPLOYER'S conduct of ratifying the unsafe working conditions, threats of bodily harm, and retaliation. Most alarming, Plaintiff disclosed that he feared he was being retaliated against for bringing up numerous safety concerns and issues in his terminal, and days later, Plaintiff was terminated from his employment with EMPLOYER, as described above and incorporated herein by this reference.

56. EMPLOYER subjected Plaintiff to an adverse employment action, and EMPLOYER wrongfully terminated Plaintiff's employment, as is more fully set forth above and incorporated herein by this reference.

LAW OFFICE OF
NANCYROSE
HERNANDEZ

12

Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 17

57. Under information and belief, Plaintiff's opposition to EMPLOYER'S illegal conduct was a motivating reason for EMPLOYER wrongfully terminating Plaintiff's employment.

58. EMPLOYER'S conduct of retaliating against Plaintiff in the terms, conditions and privileges of his employment on the basis of his opposition to unlawful conduct violates Labor Code section 1102.5.

59. As a direct, foreseeable, and proximate result of EMPLOYER'S conduct, Plaintiff has sustained substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at the time of trial. Plaintiff has sought to mitigate such damages.

60. As a direct, foreseeable, and proximate result of EMPLOYER'S conduct, Plaintiff has suffered humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum to be established according to proof.

61. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees pursuant to Code of Civil Procedure section 1021.5.

62. In the acts alleged hereinabove, EMPLOYER has engaged in fraudulent and deceptive business practices and otherwise engaged in the wrongful acts and omissions herein alleged. EMPLOYER acted with intent, oppression, fraud, and malice and accordingly an award of exemplary and punitive damages should be assessed against EMPLOYER based upon its relative fault in committing the acts as alleged herein, and made in favor of Plaintiff as an example and deterrent to EMPLOYER and others not to engage in such

LAW OFFICE OF
NANCYROSE
HERNANDEZ

13

Case No.
COMPLAINT FOR DAMAGES

Exhibit 1 - Page 18

predatory practices and other wrongful conduct such as alleged in this Complaint in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

### (As to Defendant, EMPLOYER)

63. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

64. EMPLOYER'S wrongful termination of Plaintiff was in violation of fundamental public policies of the State of California as it included illegal conduct and other wrongful activity of unsafe working conditions and credible threats of violence. Said policies are stated in the Civil Code, Labor Code, and Business and Professions Code.

65. Plaintiff complained to EMPLOYER about, *inter alia*, the existence of an unsafe workplace as well as a workplace that maintained violence and credible threats of violence.

66. The right to work in a safe and healthful workplace, as well as the right to work in a place free of violence or credible threats of violence, are fundamental, substantial, important, well-established public policies of the United States and the State of California inuring to the benefit of the public at large. By terminating Plaintiff's employment with EMPLOYER, EMPLOYER violated these public policies.

67. EMPLOYER'S termination of Plaintiff was wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies.

68. As a result of said employment relationship, EMPLOYER was obligated to refrain from wrongfully terminating Plaintiff, or any employee, for reasons which violate or

14

Case No.
COMPLAINT FOR DAMAGES

LAW OFFICE OF
NANCYROSE
HERNANDEZ

Exhibit 1 - Page 19

circumvent said policy, law, or the objectives which underlie each and not to compound their illegal conduct.

69. As a direct and foreseeable result of the aforesaid acts of EMPLOYER, its agents and employees, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff has also incurred attorney fees. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to *Code of Civil Procedure* §3287 and/or any other provision of law providing for pre-judgment interest.

70. As a result of the aforesaid acts of EMPLOYER, Plaintiff has suffered financial damages and has become mentally depressed, upset, distressed, and aggravated. Plaintiff claims general damages for such financial loss and mental and emotional distress and aggravation in an amount to be proven at trial.

71. EMPLOYER'S actions were malicious, despicable, fraudulent, willful, and reckless, and exhibited a conscious disregard of the rights of Plaintiff and therefore warrants the imposition of punitive damages against EMPLOYER pursuant to statute and *Civil Code* §3294.

### THIRD CAUSE OF ACTION

### (VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200)

### (As to Defendant, EMPLOYER)

72. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

73. Plaintiff brings this action individually and on behalf of the general public pursuant to Business and Professions Code § 17200.

74. EMPLOYER'S acts as specifically stated herein, constitute unfair business practices which are illegal under *California Business & Professions Code* §17200 (which prohibits

unfair competition, which includes unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, or untrue acts) See also *Wilkins v. Times Mirror Corp.* (1989) 264 Cal. Rptr. 194, 206, 215 Cal. App. 1034, 1052. "An employer's business practices concerning its employees are within the scope of Section 17200" citing *People v. Los Angeles Palm, Inc.* (1981) 175 Cal. Rptr. 257, 121 Cal. App. 3d 25.

75. Under information and belief, at all relevant times, EMPLOYER was engaged in a scheme to operate in violation of law and to abuse and oppress Plaintiff.

76. As a direct and proximate result of EMPLOYER'S unlawful business practices, Plaintiff has suffered an injury in fact and was deprived of money or property to which he has a valid and cognizable claim.

77. As a proximate result of EMPLOYER'S wrongful acts of labor code violations against Plaintiff, he has suffered lost wages, emotional distress, and other general and special damages. Plaintiff is seeking all damages allowed pursuant to statute. EMPLOYER profited thereby and also profited from similar treatment of others. Plaintiff seeks disgorgement of said profits, restitution, and fees as a private attorney general.

78. The harm to Plaintiff resulting from EMPLOYER'S violations of California law as identified herein far outweighs whatever benefits, if any, such business practices have for EMPLOYER.

79. In addition to all other damages properly recoverable, Plaintiff is entitled to all restitution damages arising from EMPLOYER'S unlawful and/or unfair business acts or practices, in an amount to be established according to proof.

80. Plaintiff is further entitled to cumulative damages pursuant to California Business and Professions Code § 17205, and an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION

### (NEGLIGENCE)

### (As to All Defendants)

81. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

82. EMPLOYER and JOE owed Plaintiff a duty of care, to act as a reasonably careful person would act under the same or similar circumstances.

83. Defendants, and/or each of them, collectively and/or individually, breached this duty of care to Plaintiff by engaging in the acts and omissions described herein.

84. As a direct and proximate result of Defendants', and/or each of their, collectively and/or individually, breaches of the standard of care, Plaintiff has suffered harm in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

### (ASSAULT)

### (As to Defendant, JOHN DOE aka JOE)

85. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

86. As described supra, JOE committed an act with the intent to cause apprehension of immediate injury to Plaintiff.

87. Plaintiff suffered a reasonable apprehension of an immediate touching by JOE.

88. As a direct and proximate result of JOE'S actions, Plaintiff has suffered damages in an amount to be proven at trial.

89. JOE'S actions were a substantial factor in causing Plaintiff's harm.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. For compensatory damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive and exemplary damages;
4. For mental and emotional distress damages in an amount according to proof;
5. For back pay, front pay, and other monetary relief;
6. For restitution damages;
7. For statutory penalties arising out of statutes referenced or implicated herein, as provided for by law;
8. For costs of suit, including attorney's fees, as permitted by law;
9. For an award of interest, including prejudgment interest, at the legal rate as permitted by law;
10. For such other and further relief as the Court deems proper and just under all the circumstances.

Dated: April 15, 2022

LAW OFFICE OF NANCYROSE HERNANDEZ

By: /s/ Nancyrose Hernandez
Nancyrose Hernandez
Attorney for Plaintiff,
RICHARD GONZALES